UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JEROLEUM CROCOMBE,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>                Plaintiff,<br>v<br><br>ATLANTIC CREDIT & FINANCE, INC.,<br><br>                Defendants. | Civil Action, File No.<br>2:17-cv-04750-ADS-AKT |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Jeroleum Crocombe [hereinafter "Crocombe"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant Atlantic Credit & Finance, Inc. [hereinafter "Atlantic"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Atlantic's regular transaction of business within this district. Venue in this district also is proper based on Atlantic possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Atlantic also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Crocombe is a natural person residing at 70 Fulton Street, Lake Grove, NY 11755.

6. Crocombe is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

8. Atlantic possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

9. Based upon Exhibit A and upon Atlantic possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Atlantic is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

10. On Exhibit A, Atlantic identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

11. Based upon the allegations in the above four paragraphs, Atlantic is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. On or about March 31, 2016, Atlantic sent Crocombe the letter annexed as Exhibit A. Crocombe received and read Exhibit A. For the reasons set forth below, Crocombe's receipt and reading of Exhibit A deprived Crocombe of his rights to not be subject to abusive,

deceptive, or misleading debt collection practices.

13. Per statements and references in Exhibit A, Atlantic sent Exhibit A to in an attempt to collect a past due debt.

14. The past due debt set forth in Exhibit A was based on Crocombe, as an individual, being issued a credit card account by Citibank, N.A. with the brand name of Best Buy for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A credit card account with the brand name of Best Buy is an account issued primarily to individuals for use solely at Best Buy; and Best Buy sells goods used primarily by individuals primarily for personal, family or household purposes. Atlantic, via Exhibit A, attempted to collect this past due debt from Crocombe in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Balance" of $1,781.48.

17. Any "Balance" resulted from an agreement between Crocombe and Citibank, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Citibank, N.A. or any assignee or

successor-in-interest on any "Balance" due but unpaid to Citibank, N.A. or any assignee or successor-in-interest.

19. Pursuant to the aforementioned agreement, Citibank, N.A. or any assignee or successor-in-interest had a legal right at any time to collect from Crocombe the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Citibank, N.A. on any "Balance" due but unpaid to Citibank, N.A. or any assignee or successor-in-interest.

20. The aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance" is not waived by Citibank, N.A. or any assignee or successor-in-interest as a result of a failure by either Citibank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

21. Citibank, N.A. and any assignee or successor-in-interest never sent Crocombe a written communication that they waived the aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

22. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

23. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

24. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A possessed the legal right to terminate Atlantic as its debt collector.

25. Upon such termination, the entity which owned the account/debt on the date of Exhibit A, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

26. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A had the right to instruct Atlantic to seek from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

27. For the above reasons, at any time after the date of Exhibit A, the "Balance" from Crocombe and/or the "Balance" sought from Crocombe may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

28. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Crocombe would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance" of $1,781.48 to increase.

29. Exhibit A also set forth "The total amount of additional interest, charges and other fees that have accrued since charge-off is $0.00", but, notwithstanding the aforementioned accrual of interest, late charges, and/or other charges set forth in the above allegations of this Complaint, Exhibit A did not set forth what Crocombe would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance" of $1,781.48 to increase.

30. For the above reasons, Exhibit A did not set forth the amount of the "debt".

31. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Crocombe.

## SECOND CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

33. Exhibit A set forth a "Balance" of $1,781.48.

34. Any "Balance" resulted from an agreement between Crocombe and Citibank, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

35. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Citibank, N.A. or any assignee or successor-in-interest on any "Balance" due but unpaid to Citibank, N.A. or any assignee or successor-in-interest.

36. Pursuant to the aforementioned agreement, Citibank, N.A. or any assignee or successor-in-interest had a legal right at any time to collect from Crocombe the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Citibank, N.A. on any "Balance" due but unpaid to Citibank, N.A. or any assignee or successor-in-interest.

37. The aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance" is not waived by Citibank, N.A. or any assignee or successor-in-interest as a result of a failure by either Citibank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in

addition to any "Balance".

38. Citibank, N.A. and any assignee or successor-in-interest never sent Crocombe a written communication that they waived the aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

39. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

40. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

41. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A possessed the legal right to terminate Atlantic as its debt collector.

42. Upon such termination, the entity which owned the account/debt on the date of Exhibit A, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

43. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A had the right to instruct Atlantic to seek from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

44. For the above reasons, at any time after the date of Exhibit A, the "Balance" from Crocombe and/or the "Balance" sought from Crocombe may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

45. However, Exhibit A failed to notify Crocombe that his "Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

46. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Crocombe.

## THIRD CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

48. Exhibit A set forth that "The total amount of additional interest, charges and other fees that have accrued since charge-off is $0.00".

49. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges had been accruing on any "Balance" due but unpaid to Citibank, N.A., but had not been added to the "Balance" sought from Crocombe.

50. Pursuant to the aforementioned agreement, Citibank, N.A. or any assignee or successor-in-interest had a legal right at any time to collect from Crocombe the aforementioned interest, late charges, and/or other charges which had accrued prior to the date of Exhibit A.

51. The aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance" is not waived by Citibank, N.A. or any assignee or successor-in-interest as a result of a failure by either Citibank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

52. Citibank, N.A. and any assignee or successor-in-interest never sent Crocombe a written communication that they waived the aforementioned right to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

53. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

54. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

55. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A possessed the legal right to terminate Atlantic as its debt collector.

56. Upon such termination, the entity which owned the account/debt on the date of Exhibit A, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

57. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A had the right to instruct Atlantic to collect from Crocombe the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

58. For the above reasons, at any time after the date of Exhibit A, the "Balance" from Crocombe and/or the "Balance" sought from Crocombe may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

59. As a result of the above, setting forth in Exhibit A set forth that "The total amount of additional interest, charges and other fees that have accrued since charge-off is $0.00" violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10).

## CLASS ALLEGATIONS

60. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

61. The class consist of (a) all natural persons (b) who received a letter from Atlantic dated between March 31, 2016 and the present to collect a past due debt regarding a credit card account, (c) in a form materially identical or substantially similar to Exhibit A.

62. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

63. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

64. The predominant common question is whether Defendant's letters violate the FDCPA.

65. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

66. A class action is the superior means of adjudicating this dispute.

67. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Atlantic in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: November 14, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107